KENTON E. MOORE, STATE BAR #143645
ANDREW L. SMITH, STATE BAR #262418
McCUNE & HARBER, LLP
515 South Figueroa Street, Suite 1100
Los Angeles, California 90071
Telephone: (213) 689-2500 / Facsimile: (213) 689-2501
kmoore@mccuneharber.com and asmith@mccuneharber.com

Attorneys for Defendant, CITY OF LYNWOOD [PUBLIC ENTITY, FEE EXEMPT PURSUANT TO GOVERNMENT CODE § 6103]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ANTONIA BARRERA,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF LYNWOOD; and DOES 1-10<br><br>    Defendants. | Case No: 2:15-CV-05470-JFW (PJWX)<br>(Complaint filed on July 19, 2015)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>DATE:     May 16, 2016<br>TIME:     1:30 p.m.<br>DEPT.:    16-Sprint Street, Floor 2<br><br>Trial Date:  May 24, 2016 |

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

Defendant CITY OF LYNWOOD ("Defendant") hereby opposes the Motion for Summary Judgment of plaintiff MARIA ANTONIA BARRERA as is set forth herein.

This Opposition is based upon this Memorandum of Points and Authorities, and the Statement of Genuine Disputes of Material Fact, the Declaration of Yolanda

/ / /

/ / /

/ / /

/ / /

-1-

1  Delgadillo, and all papers and pleadings on file in this action, and such other argument
2  or evidence as may be presented at the time of the hearing of this motion.

3  DATED:     April 25, 2016                       McCUNE & HARBER, LLP

6                                          By:  /s/Andrew L. Smith
                                                KENTON E. MOORE, ESQ.
                                                ANDREW L. SMITH, ESQ.
7                                           Attorneys for Defendant, CITY OF
                                            LYNWOOD

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

-2-

J:\WPDOCs\Barrera, M. v. City of Lynwood\Pldg\Barrera - MSJ\Oppo to MSJ\Barrera - Ps and As ISO Oppo.docx     Memorandum of Points and Authorities Opposing MSJ

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff MARIA ANTONIA BARRERA has brought a motion for summary judgment against defendant CITY OF LYNWOOD, in which she seeks to establish that there were multiple violations of the Americans with Disabilities Act at City Hall in Lynwood, California, and that defendant cannot assert an "undue burden" defense as to those violations. Plaintiff's motion is entirely deficient, and should be denied.

She has failed to establish that any violation of the ADA has ever existed at City Hall, and her attempts to so establish are without any foundation in admissible evidence. Defendant respectfully requests the court deny her motion in total.

## II. STATEMENT OF FACTS

Plaintiff is a disabled person who is required to use a wheelchair. (SUF #1) Defendant CITY OF LYNWOOD (alternatively, "Defendant" or "the City") is a public entity which operates the building known as City Hall located at 11330 Bullis Road, in Lynwood California. (SUF #2-3)

The City provides its residents with the ability to pay city-related bills, such as water and sewage, at City Hall by way of transaction counters located therein. (SUF #4) There also exists an Information Counter at which patrons of City Hall can pay those same types of bills. (SUF #20 – 21) Plaintiff admits that there is nothing about the Information Counter which violates the Americans with Disabilities Act ("ADA"). (SUF #15)

Plaintiff claims she has been prevented from paying several of her regular bills at City Hall in Lynwood because she has been denied access to City Hall. (Plaintiff's Motion for Summary Judgment, pg 1:23 – 2:27) She bases her claim on two alleged violations of the Americans with Disabilities Act ("ADA"): (1) That, at least in January 2015, there was an couch which improperly blocked the automated door opener push

-3-

plate which operates the door to City Hall so that she had difficulty operating the door to exit City Hall; and (2) the height of the "cashier counters" located within City Hall exceeded the maximum height allowed under the ADA, and she thus experienced great difficulty in paying her bills at those cashier counters. (*Ibid.*)

Plaintiff admits that the couch which blocked the door opener was moved at some point after January 2015. (SUF #13)  She also admits that the depth of the couch did not exceed the permissible depth under the ADA. (SUF # 23)

Plaintiff claims that the two designated "cashier counters" are in violation of the ADA because of their height. (Plaintiff's Motion, 1:23 – 2:7)  She also implies that there are no other counters at which she can pay her bills in City Hall, but makes no affirmative showing in support of that implication. (*Ibid.*)

On July 19, 2015, plaintiff filed her complaint against the City, alleging violations of the ADA.  On September 23, 2015, the City filed its Answer to plaintiff's complaint, wherein it asserted an affirmative defense that the removal of the barriers are not readily achievable or easily accomplishable and able to be carried without much difficulty or expense within the meaning of 42 U.S.C. section 12181. (SUF #24)

On April 18, 2016, plaintiff brought the instant motion.

### III.   ARGUMENT

#### A.   SUMMARY JUDGMENT STANDARD

In order to defeat a summary judgment motion, an opposing party must raise a triable issue of fact as to one of the issues raised in that motion.  The opposing party must *affirmatively show* a "genuine dispute" as to a "material fact." (FRCP 56(c).) "(T)he non-movant need not match the movant witness for witness, nor persuade the court that her case is convincing, she need only come forward with appropriate evidence demonstrating that there is a pending dispute of material fact." (*Waldridge v. American Hoechst Corp*. (7th Cir. 1994) 24 F3d 918, 921.)

-4-

J:\WPDOCs\Barrera, M. v. City of Lynwood\Pldg\Barrera - MSJ\Oppo to MSJ\Barrera - Ps and As ISO Oppo.docx        Memorandum of Points and Authorities Opposing MSJ

To establish a "genuine dispute" of material facts, the opposing party must either (1) cite to particular materials in the record that show such dispute (FRCP 56(c)(1)(A)); (2) show the moving party's materials fail to establish absence of a genuine dispute (FRCP 56(c)(1)(B); (3) show the moving party cannot produce admissible evidence to support its factual position (FRCP 56(c)(1)(B)); or (4) object to the moving party's materials on the ground that they cannot be presented in a form that would be admissible in evidence (FRCP 56(c)(2)).

Here, plaintiff has failed by all four of these measures, and she should not prevail on her motion for summary judgment.

### B. PLAINTIFF HAS FAILED TO ESTABLISH THAT A VIOLATION OF THE ADA EXISTS AT CITY OF LYNWOOD

Plaintiff frames her argument thusly "(1) The facilities which defendant operates at its City Hall contain two violations of the ADA:  The front door is blocked and access to that door is otherwise denied, and the transaction counter at which I pay my bills is too high for me to use; (2) Defendant has removed the barrier blocking the front door, and simple signage directing people to a lowered counter would resolve the violations with respect to the transaction counters; and therefore (3) the undue burden defense does not apply."

Plaintiff's argument, however, is based on a faulty premise:  She has not established that any violation of the ADA has ever existed at City Hall.  Access to the door has never been blocked in violation of the ADA, by plaintiff's own admission.  A transaction counter was always available to be used for the type of transaction plaintiff sought during the relevant time period, and plaintiff was never denied access to that counter during the relevant time period.

#### 1. Plaintiff has Failed to Establish a Violation of the Americans with Disabilities Act

In order support a claim for discrimination under the ADA, plaintiff must establish that (1) she is a qualified individual with a disability; (2) she was excluded

from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of her disability. (*Lovell v. Chandler* (9th Cir. 2002) 303 F.3d 1039, 1052). In addition, to establish standing to pursue injunctive relief, plaintiff must demonstrate a "real and immediate threat of repeated injury" in the future. (*Chapman v. Pier 1 Imports (U.S.) Inc.* (9th Cir. 2011) 631 F.3d 939, 946).

Plaintiff has failed to establish any of these elements in her motion for summary judgment. Her motion must therefore be denied.

### 2. Plaintiff has Not Established that a Violation Existed with Respect to the Door Opener

As an initial matter, plaintiff admits that there no longer exists a violation of the ADA with respect to an obstruction of the front door opener. (SUF #13) Plaintiff has also failed to submit admissible evidence there there has <u>ever</u> existed an obstruction of the door opener in violation of the ADA. Based on the description provided by plaintiff, there is no factual basis to establish that the location of the door controller was ever a violation of the ADA.

The relevant statute requires that when operable parts (such as the door opener) are located above an obstruction, the maximum height of the control is 46" above the floor, and the maximum depth of the obstruction cannot exceed 24". (Americans with Disabilities Act Standards, Section 308.3.2) Plaintiff's expert admits this. (Exhibit 3 - Declaration of Paul Bishop, ¶ 13) The only aspect of the door opener which plaintiff claims to be in violation of the ADA is the location at some point in 2015 of a couch in front of the door opener. This is entirely insufficient to establish a violation, and plaintiff's motion must fail as a result.

The only evidence submitted in support of plaintiff's assertion that the location of the couch is a violation is that in the notes of the "field investigator" was that the couch was 24" deep. (Exhibit 3 - Declaration of Paul Bishop, ¶ 7; Exhibit 4 – Bishop Report, pg 7: "When I visited [City Hall] on March 14, 2016, there was no furniture or other

-6-

object obstructing access to any of the push plates. However, the investigator's field notes indicated that the push plate at the lobby interior was obstructed by a couch that measured 24 inches in depth.") This is entirely insufficient to establish that violation of the ADA exists. As an initial matter, the field notes to which plaintiff's expert, Paul Bishop, refers are not included as an exhibit to plaintiff's motion. Thus, there is simply no evidentiary support for any violation existing with respect to the location of a couch in relation to the door opener. This deficiency is sufficient to defeat plaintiff's motion. (FRCP 56(c)(1)(B).)

Even assuming that plaintiff had submitted <u>any</u> evidence in support of this portion of her motion, it does not establish the existence of a violation. As plaintiff notes, an obstruction located below an operable part, like the door opener, cannot exceed 24" in depth. Her assertion is that the couch was 24" deep. (Ex. 3 - Declaration of Paul Bishop, ¶ 7; Ex. 4 – Bishop Report, pg 7) This measurement does exceed the permissible depth of an obstruction. Therefore, plaintiff has not established a violation of the ADA with respect to the door opener. (FRCP 56(c)(1)(B).) There are no allegations that the door controller is too high on the wall, that the couch in front of the door controller was too high, or that there were any other obstructions keeping plaintiff from using the door controller.

Finally, assuming that plaintiff's evidence <u>could</u> establish that a violation of the ADA existed with respect to the door opener, the evidence which plaintiff has submitted in support of that position is entirely inadmissible. Plaintiff's expert, Paul Bishop, refers vaguely to "field investigator's notes" which he states establish the dimensions of the couch which allegedly blocked the door opener in January 2015. (Ex. 3 - Declaration of Paul Bishop, ¶ 7; Ex. 4 – Bishop Report, pg. 7) However, Mr. Bishop's reference to those notes is inadmissible hearsay, and thus cannot support plaintiff's motion. (Fed. R. Evid. 801 *et seq.*)**.**

Plaintiff has completely failed to establish that either the position or the obstructed nature of the door opener are in violation of the ADA. Thus, there is a genuine dispute

-7-

as to whether a violation existed with respect to the door opener, and plaintiff's motion must fail as a result.

### 3. There is Not Violation with Respect to the Transaction Counter At City Hall

With respect to the transaction counter, plaintiff has similarly failed to establish that a violation of the ADA exists. Her motion also fails on those grounds.

Plaintiff claims that there are two "cashier windows" at City Hall which are above the height permitted by the ADA. (SUF #7) Plaintiff also admits that there is an "information counter" which has dimensions that satisfy the requirements for a "sales and service counter." (SUF #15) Plaintiff claims she was never directed to the "information counter" when she was at City Hall. (SUF # 8) Plaintiff's evidence is entirely insufficient to establish a violation of the ADA exists at City Hall.

Plaintiff has not submitted evidence which establishes that the two "cashier windows" at City Hall are the only two places where she can pay her bills. She has therefore failed to establish that no genuine argument exists that she was either (1) prevented from taking advantage of the bill-paying program which exists at City Hall; or (2) that she was not provided equally effective alternative means of taking advantage of that bill-paying program. Because she has failed to establish these two points, her motion must fail.

As an initial matter, Plaintiff admits that the "information counter" has dimensions which are satisfactory under the ADA. (SUF #15). The "information counter" is regularly used by disabled patrons of City Hall for the purpose of paying bills. (SUF # 20 - 22) Indeed, City Hall employees are trained and directed to assist disabled patrons in paying their bills through the "information counter," and have been for the entire time period relevant to this lawsuit. (SUF # 20 - 22) These facts, which cannot be disputed, are enough to create a genuine dispute as to the existence of a violation of the ADA with respect to plaintiff's ability to pay her bills at City Hall. (FRCP 56(c)(1)(A).

-8-

Plaintiff implies that she was never directed to the Information Counter so that she could pay her bills.  She does not state, however, that she was ever prevented from doing so, nor does not state that she asked to do so but such request was denied.  Thus, plaintiff has not made a complete statement of the facts – she notes the existence of two "cashier counters" which have dimensions that are in violation of the ADA, but she failed to establish that there was an <u>absence</u> of an ADA-compliant transaction counter at which she could take advantage of the bill-paying program at City Hall.  Thus, there exists a genuine dispute as to whether City Hall has a sales and service counter which is in compliance with the applicable standards.  Plaintiff's motion therefore fails as a result.

Further, plaintiff has failed to establish that no such alternative means of her paying bills at city Hall exists; her argument rests on the implication that because the only two explicitly designated transaction counters are not in compliance with the ADA that City Hall lacks a compliant "sales and service counter."  This is insufficient: "Inferences drawn from the evidence must be viewed in the light most favorable to the nonmoving party." (*Tolan v. Cotton* (2014) 134 S.Ct. 1861, 1863 - "in ruling on a motion for summary judgment, [t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor" (brackets in original; internal quotes omitted); *Eastman Kodak Co. v. Image Technical Services, Inc.* (1992) 504 US 451, 456).)  Plaintiff's argument rests on the apparently surreptitious observations of a field investigator, and on the incomplete opinions of their expert who made one visit to City Hall, and made no conclusion about the existence or availability of alternative means of making payments at City Hall.  This does not establish that no genuine dispute exists, and summary judgment must therefore be denied.  (FRCP 56(c)(1)(B)).

### 4. Because Plaintiff Has Failed to Establish a Violation of the Americans With Disabilities Act, She Cannot Prove an Ongoing Violation

As discussed at greater length immediately above, plaintiff has not established that a violation of the ADA has ever existed at City Hall in Lynwood.  Therefore, she cannot

establish any threat of future harm she will suffer upon future visits to City Hall. She is therefore not entitled to injunctive relief. (*Chapman v. Pier 1 Imports (U.S.) Inc.* (9th Cir. 2011) 631 F.3d 939, 946).

### C. THE CITY DID NOT WAIVE THE AFFIRMATIVE DEFENSE OF UNDUE BURDEN

Plaintiff asserts that the City waived any defense that correcting the alleged violations of the ADA created an "undue burden." This is incorrect. In its sixth affirmative defense, the City stated that "[p]laintiff's claims are barred because the barrier removals Plaintiff seeks pursuant to the ADA in the facilities built before January 26, 1993, are not readily achievable or easily accomplishable and able to be carried without much difficulty or expense within the meaning of 42 U.S.C. section 12181(9)." Plaintiff's argument, therefore, is based on a distinction without a difference.

### D. PLAINTIFF CANNOT ESTABLISH A VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT

Plaintiff argues that because she has established a violation of the ADA, she has *er se* established a violation of the California Disabled Persons Act ("CDPA"). (Plaintiff's Motion for Summary Judgment, 11:7-15). As argued at greater length above, plaintiff has failed to establish any violation existed at City Hall in Lynwood. Thus, her sole argument for a violation under the CDPA must necessarily fail.

### IV. CONCLUSION

Based on the foregoing, and upon those arguments and evidence raised at the time of hearing on plaintiff's motion, defendant respectfully requests the court deny plaintiff's motion for summary judgment.

DATED: April 25, 2016            McCUNE & HARBER, LLP


By: /s/Andrew L. Smith
    KENTON E. MOORE, ESQ.
    ANDREW L. SMITH, ESQ.
Attorneys for Defendant, CITY OF LYNWOOD

-10-