KENTON E. MOORE, STATE BAR #143645
ANDREW L. SMITH, STATE BAR #262418
McCUNE & HARBER, LLP
515 South Figueroa Street, Suite 1100
Los Angeles, California 90071
Telephone: (213) 689-2500 / Facsimile: (213) 689-2501
kmoore@mccuneharber.com and asmith@mccuneharber.com

Attorneys for Defendant, CITY OF LYNWOOD [PUBLIC ENTITY, FEE EXEMPT PURSUANT TO GOVERNMENT CODE § 6103]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ANTONIA BARRERA,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF LYNWOOD; and DOES 1-10<br><br>    Defendants. | Case No: 2:15-CV-05470-JFW (PJWX)<br>(Complaint filed on July 19, 2015)<br><br>**OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>DATE:   May 16, 2016<br>TIME:   1:30 p.m.<br>DEPT.:  16-Sprint Street, Floor 2<br><br>Trial Date: May 24, 2016 |

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

Defendant CITY OF LYNWOOD ("Defendant") makes the following objections to the evidence submitted by plaintiff MARIA ANTONIA BARRERA in support of her Motion for Summary Judgment.

Defendant respectfully requests the Court rule on each of the following objections prior to ruling on plaintiff's motion.

<u>Combined Statement of Facts Paragraph 6:</u>  Objection to the supporting declaration of Evens Louis, paragraph 4:  "I found that the cashier counters used to make payments were all 42 inches high. I did not see any lowered cashier counter," on the

-1-

grounds that the statement lacks foundation, is confusing or misleading (Fed. R. Evid. 403), as it does not specify or state clearly what the "cashier counters" it is referring to and implies that there are no other counters at which plaintiff could access bill paying services offered by defendant at City Hall; it constitutes inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, *et seq.*), and, to the extent it is offered to prove an absence of accommodation, it is irrelevant because it does not foreclose the existence of other, alternative means of plaintiff accessing similar accommodations (Fed. R. Evid. 410, 402).

Objection to the supporting photographs nos. 2 – 6, submitted as part of Exhibit 6 to plaintiff's motion. These photographs lack foundation to the extent that they claim to establish the height of the counters in question, but do not include or exhibit the measurement asserted in paragraph 4 of the Declaration of Evens Louis; the photographs are confusing or misleading to the extent that they claim to establish the height of the counters in question, but do not include or exhibit the measurement asserted in paragraph 4 of the Declaration of Evens Louis (Fed. R. Evid. 403); the photographs also lack authentication (Fed. R. Evid. 901, 902).

Objection to the supporting declaration of plaintiff Maria Antonia Barrera, at paragraph 4: "Inside the City Hall I found that there is no lowered transaction counter for the cashier where I pay my bill," on the grounds that her statement is confusing and misleading and irrelevant to show that no lowered transaction counter existed in City Hall; the statement only goes to whether the cashier counters where she had previously paid her bills are <u>not lowered</u>. (Fed. R. Evid. 401, 402, 403)

Objection to the supporting declaration of plaintiff Maria Antonia Barrera, at paragraph 4: "The transaction counters for the cashier are too high for me to use. I could not see the top of the counter from my wheelchair and was unable to use it independently," on the grounds that the statements lack foundation, and that the height of the counter being too high for plaintiff to use, that she could not see the top of the counter from her wheelchair, or that she was unable to use it independently are irrelevant

-2-

because the plaintiff's subjective ease of use of the counters in question are not determinative of whether the height of the counters in question is in violation of the Americans with Disabilities Act (Fed. R. Evid 401, 402). The statements are also confusing or misleading because they do not specify a height for the counters or the maximum height over which plaintiff can see while she is seated in her wheelchair. (Fed. R. Evid. 403).

<u>Combined Statement of Facts Paragraph 7:</u>  Objection to the supporting declaration of plaintiff Maria Antonia Barrera, at paragraph 4: "Inside the City Hall I found that there is no lowered transaction counter for the cashier where I pay my bill," on the grounds that her statement is confusing and misleading and irrelevant to show that no lowered transaction counter existed in City Hall; the statement only goes to whether the cashier counters where she had previously paid her bills are <u>not lowered</u>.  (Fed. R. Evid. 401, 402, 403).

Objection to the supporting declaration of plaintiff Maria Antonia Barrera, at paragraph 4: "The transaction counters for the cashier are too high for me to use. I could not see the top of the counter from my wheelchair and was unable to use it independently," on the grounds that the statements lack foundation, and that the height of the counter being too high for plaintiff to use, that she could not see the top of the counter from her wheelchair, or that she was unable to use it independently are irrelevant because the plaintiff's subjective ease of use of the counters in question are not determinative of whether the height of the counters in question is in violation of the Americans with Disabilities Act (Fed. R. Evid 401, 402). The statements are also confusing or misleading because they do not specify a height for the counters or the maximum height over which plaintiff can see while she is seated in her wheelchair. (Fed. R. Evid. 403).

<u>Combined Statement of Facts Paragraph 8</u>: Objection to the supporting declaration of plaintiff Maria Antonia Barrera, at paragraph 5: "City Hall employees who helped me at the cashier counter never indicated that there was a lowered cashier counter available

-3-

where I could be more easily served to pay my bill" on the grounds that her statement is irrelevant, confusing and misleading; there is no requirement under the Americans with Disabilities Act that employees of defendant are required to offer alternative accommodations which would allow plaintiff to access the bill-paying services at City Hall. (Fed. R. Evid. 401, 402, 403)

Combined Statement of Facts Paragraph 9: Objection to the supporting declaration of plaintiff Maria Antonia Barrera, at paragraph 6: "This caused me difficulty, inconvenience, frustration and anxiety," on the grounds that her statement is irrelevant, confusing and misleading; the mindset of plaintiff is irrelevant to show whether a violation of the Americans with Disabilities Act existed (Fed. R. Evid. 401, 402, 403). and to the extent it goes to prove plaintiff's mindset, it is inadmissible hearsay and no exceptions apply (Fed. R. Evid. 801 *et seq.*).

Combined Statement of Facts Paragraph 10: Objection to the supporting declaration of plaintiff Maria Anonia Barrera, at paragraph 7: "On each of my visits, I also experienced extreme difficulty exiting the City Hall because the push-plate which is required to open the door was blocked by a couch. Because the door was too heavy, I was unable to manually open it. This caused me difficulty, inconvenience, frustration and anxiety" on the grounds that this statement lacks foundation, is misleading or confusing (Fed. R. Evid. 403); is irrelevant because plaintiff's mindset or subjective difficulty in operating a door opener does not go to the determination of whether a violation of the Americans with Disabilities Act existed (Fed. R. Evid. 401, 402); and to the extent it goes to prove plaintiff's mindset, it is inadmissible hearsay and no exceptions apply. (Fed. R. Evid., 801 *et seq.*).

Objection to the supporting declaration of Evens Louis, at paragraph 5 "Additionally, I found that the automatic door opener/push plate on the inside is blocked by a couch. This obstructs access to any of the door opener/ push plate" on the grounds that these

-4-

statements lack foundation, are misleading or confusing because the other evidence submitted in support of plaintiff's motion establishes the couch did not obstruct access to the door opener/push plate, and was only previously located in front of it (Fed. R. Evid. 403), and are irrelevant because plaintiff admits that the couch was removed after Mr. Evens' sole visit to the City Hall (Fed. R. Evid. 401, 402).

Objection to the supporting photographs nos. 8 - 11, submitted as part of Exhibit 6 to plaintiff's motion.  These photographs lack foundation to the extent that they lack any point of reference or context that establishes the couch depicted obstructed plaintiff's access to the door opener/push plate; the photographs are confusing or misleading to the extent that they claim to establish that the couch served to obstruct access to the door opener/push plate, but do not include any reference or context which establishes such obstruction (Fed. R. Evid. 403); the photographs also lack authentication (Fed. R. Evid. 901, 902).

Combined Statement of Facts Paragraph 11:  Objection to the supporting declaration of Paul Bishop at paragraph 12:  "If the doors must be opened manually, the main entrance doors require approximately 8 pounds of opening force and the South entrance doors require approximately 8 – 10 pounds of opening force" on the grounds that the statement lacks foundation because there is no admissible evidence to support the measurements of force needed to open the doors in question; the statement is also irrelevant, misleading and confusing because plaintiff does not claim that she was required to open the door manually (Fed. R. Evid. 401, 402, 403).

Combined Statement of Facts Paragraph 12:  Objection to the supporting declaration of plaintiff Maria Antonia Barrera at paragraph 7:  "On each of my visits, I also experienced extreme difficulty exiting the City Hall because the push-plate which is required to open the door was blocked by a couch. Because the door was too heavy, I was unable to manually open it. This caused me difficulty, inconvenience, frustration

and anxiety" on the grounds that it is irrelevant, confusing and misleading in that plaintiff's subjective difficulty in operating a door opener/ push plate to open the door to City Hall is irrelevant to the determination of whether there existed a violation of the Americans with Disabilities Act, and these assertions are more prejudicial than probative of plaintiff's claims.  (Fed. R. Evid. 401, 402, 403).  To the extent this statement is submitted to show the state of mind of the plaintiff, it is inadmissible hearsay, and no exceptions apply.  (Fed. R. Evid., 801 *et seq.*).

Combined Statement of Facts Paragraph 16:  Objection to the supporting declaration of Paul Bishop at paragraph 15:  "There is no signage at the Information Counter indicating that bills can be paid at that location, nor is there any signage indicating that credit cards can be used at that counter" on the grounds that this statement is irrelevant, misleading and confusing because the existence or absence of signage regarding payment of bills at the Information Counter in City Hall does not go to the determination of whether there exists a violation of the Americans with Disabilities Act because there is no requirement that such signage be posted; such assertions are also more prejudicial than probative of plaintiff's claims.  (Fed. R. Evid. 401, 402, 403).

Combined Statement of Facts Paragraph 17:  Objection to the supporting declaration of Paul Bishop at paragraph 18:  "Assuming that all financial transactions that currently occur at the two secured Cashier Counters across the lobby can also be processed at the unsecured Information Counter, it is my recommendation that a directional sign be installed. The sign should be placed at a minimum of two locations so that visitors entering the lobby from any direction are informed that financial transactions can occur at either location. The cost for a couple of directional signs would be no more than a few hundred dollars and could be procured from a local sign company" to the extent that this statement is improper opinion testimony, lacks foundation, and is irrelevant, misleading or confusing because the existence or absence of signage regarding payment of bills at the Information Counter in City Hall does not go to the determination of whether there

-6-

exists a violation of the Americans with Disabilities Act because there is no requirement that such signage be posted; such assertions are also more prejudicial than probative of plaintiff's claims. (Fed. R. Evid. 401, 402, 403).

Combined Statement of Facts Paragraph 18: Objection to the statement that the Answer filed in response to plaintiff's complaint does not contain an "undue burden defense," on the grounds that this misstates evidence. Defendant asserted that Plaintiff's claims are barred because the barrier removals Plaintiff seeks pursuant to the ADA in the facilities built before January 26, 1993, are not readily achievable or easily accomplishable and able to be carried without much difficulty or expense within the meaning of 42 U.S.C. section 12181(9)," which is the functional equivalent of an affirmative defense of "undue burden," as shown on page 7 of Exhibit 7 submitted in support of plaintiff's motion.

Combined Statement of Facts Paragraph 19: Objection to the supporting declaration of plaintiff Maria Antonia Barrera at paragraph 11: "I plan to and need to visit City Hall in the future to conduct business and pay my monthly bills. I would very much like the ability to safely and independently use the door opener/push plate and transaction counter at the City Hall" on the grounds that this statement is irrelevant, misleading and confusing because plaintiff's plans in the future are not probative of her claims against Defendant (Fed. R. Evid. 401, 402, 403). To the extent that this statement is asserted to establish the mindset of plaintiff, it is inadmissible hearsay and no applicable exceptions apply. (Fed. R. Evid. 801 *et seq.*).

DATED:   April 25, 2016                                           McCUNE & HARBER, LLP


                                                                  By:   /s/Andrew L. Smith
                                                                        KENTON E. MOORE, ESQ.
                                                                        ANDREW L. SMITH, ESQ.
                                                                  Attorneys for Defendant, CITY OF LYNWOOD