UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 15-5470-JFW (PJWx)**                                              Date:  May 12, 2016

Title:     Maria Antonia Barrera -v- City of Lynwood, et al.

**PRESENT:**
          **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

          **Shannon Reilly**                                         **None Present**
          **Courtroom Deputy**                                       **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**           **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                              None

**PROCEEDINGS (IN CHAMBERS):**   ORDER DENYING PLAINTIFF'S MOTION FOR
                                 PARTIAL SUMMARY JUDGMENT
                                 **[filed 4/18/2016; Docket No. 26]**

       On April 18, 2016, Plaintiff Maria Antonia Barrera ("Plaintiff") filed a Motion for Partial Summary Judgment. On April 25, 2016, Defendant City of Lynwood ("Defendant") filed its Opposition. On May 2, 2016, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for May 16, 2016 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

       A motion for partial summary judgment is governed by the same standard as a motion for summary judgment. *See* Fed. R. Civ. P. 56; *Castlerock Estates, Inc. v. Estate of Markham*, 871 F. Supp. 360, 363 (N.D. Cal. 1994). Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Once the moving party meets its burden, a party opposing a properly made and supported motion for summary judgment may not rest upon mere denials but must set out specific facts showing a genuine issue for trial. *Id.* at 250; Fed. R. Civ. P. 56(c), (e). In particular, when the non-moving party bears the burden of proving an element essential to its case, that party must make a showing sufficient to establish a genuine issue of material fact with respect to the existence of that element or be subject to summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

An issue is genuine if evidence is produced that would allow a rational trier of fact to reach a verdict in favor of the non-moving party. *Anderson*, 477 U.S. at 248. The Court must assume the truth of direct evidence set forth by the opposing party. *See Hanon v. Dataproducts Corp.* 976 F.2d 497, 507 (9th Cir. 1992). However, where circumstantial evidence is presented, the Court may consider the plausibility and reasonableness of inferences arising therefrom. *See Anderson*, 477 U.S. at 249-50; *TW Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631-32 (9th Cir. 1987). In that regard, "a mere 'scintilla' of evidence will not be sufficient to defeat a properly supported motion for summary judgment; rather, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997).

In ruling on a summary judgment motion, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions . . .." *Id.* at 255.

The Court concludes that there are genuine issues of material fact which preclude the Court from granting Plaintiff's Motion for Partial Summary Judgment. Accordingly, Plaintiff's Motion for Partial Summary Judgment is **DENIED**.

IT IS SO ORDERED.