1  CENTER FOR DISABILITY ACCESS
   Mark Potter, Esq., SBN 166317
2  mark@potterhandy.com
   Phyl Grace, Esq., SBN 171771
3  phylg@potterhandy.com
   Dennis Price, Esq., SBN 279082
4  dennisp@potterhandy.com
   Mail: PO Box 262490
5  San Diego, CA 92196-2490
   Delivery: 9845 Erma Road, Suite 300
6  San Diego, CA 92131
   Ph:  (858) 375-7385
7  Fax: (888)422-5191

8

Attorneys for Plaintiff

9

10                    UNITED STATES DISTRICT COURT

11                    CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13 **Maria Antonia Barrera**, ) | **Case:** 2:15-CV-05470-JFW-PJW |
| )  | |
| 14       Plaintiff, )  | **Joint Separate Statement Regarding** |
| )  | **Plaintiff's Offer of Proof for Expert Paul** |
| 15     v. )  | **Bishop** |
| )  | |
| 16 **City of Lynwood** )  | **Date:**  May 24, 2016 |
| )  | **Time:**  8:30 a.m. |
| 17 Defendant. )  | **Ctrm:**   16 |
| )  | |

18

19  **Opinion 1**

20       Both the main lobby doors and the South entrance to the Lynwood City Hall building

21  are equipped with automatic door openers that are activated by push plates on the exterior and

22  interior of the building. If the doors must be opened manually, the main entrance doors require

23  approximately 8 pounds of opening force, and the South entrance doors require approximately

24  8 – 10 pounds of opening force. On March 14, 2016, there was no furniture or other object

25  obstructing access to any of the push plates.

26       **Report Citation**: Page 7, Observation 2; Page 12, Application of Standards 2

27       **Relevance**: Plaintiff will testify that on the dates of her visits, the automatic door

28  opener was blocked by a couch and unreachable to her.  The clear floor space in front of such

1   openers, as well as the opening force poundage on doors, is governed by the Americans with

2   Disability Act Standards (ADAS). Mr. Bishop's opinion is relevant to whether the placement

3   of the couch denied Plaintiff programmatic access to city programs.

4      **Documents Relied On**: None. Personal inspection conducted.

5      **Non-Proffering Party's Position:**   Mr. Bishop's testimony regarding the location

6   and/or depth of the couch, or the standards applicable to that couch, lacks foundation because

7   it is based solely upon the observations of Evens Louis, a "field investigator" employed by

8   plaintiff's counsel.  To the extent that Mr. Bishop's opinions are based on the observations of

9   other persons, it is inadmissible hearsay and no exception to that rule applies.  Further, this

10   testimony is irrelevant because Mr. Bishop has admitted that the couch did not exceed 24" in

11   depth.

12      Both Mr. Bishop's testimony and the testimony of Plaintiff regarding the force required

13   to open either the front or south entrance doors to City Hall lack foundation, as no statement

14   of how that force was measured.

15      Because of the lack of foundation and/or personal knowledge with respect to all of Mr.

16   Bishop's proposed testimony, his testimony is confusing and misleading and more prejudicial

17   than probative of plaintiff's claims.

18      **Proffering Party's Position:** As this opinion reflects, Mr. Bishop will testify as to

19   what he personally saw on the date of his visit, not what Mr. Louis saw. As an expert witness,

20   it is appropriate for Mr. Bishop to provide his opinion to a hypothetical situation and in this

21   way he may testify that a piece of furniture of a certain width, for example 24 inches, placed

22   in front of the door opener, could be a barrier to access to an individual with disabilities

23   comparable to Plaintiff.

24      As noted in his report, Mr. Bishop utilized a door pressure gauge during his

25   investigation.

26

27   **Opinion 2**

28      The lobby has an Information Counter that is more than 36" long, extends the full depth

1   of the main counter and has a lowered section that is 30-1/2" above the floor.  Across the

2   lobby a few feet away are another couple of counters that are 43" above the floor.  Signage is

3   provided at these counters to indicate that utility and City bills can be paid at these counters.

4   Additional signage is provided to indicate that credit cards are accepted at these counters as a

5   form of payment.  The employees that staff these counters are protected behind plexiglass

6   barriers. There is no signage at the Information Counter indicating that bills can be paid at that

7   location, nor is there any signage indicating that credit cards can be used at that counter. The

8   employee who staffed this counter was not protected behind any type of barrier.  Barriers of

9   the type provided at the other counters are typically used to protect employees when cash or

10   other financial instruments are handled.

11         **Report Citation**: Page 8, Observation 3; Page 12, Application of Standards 3

12         **Relevance**: The counter height, depth, and width, as well as the use of directional

13   signage, is governed by the Americans with Disability Act Standards (ADAS). Mr. Bishop's

14   opinion is relevant to whether the configuration of counter at the Cashier's Counter, combined

15   with the lack of directional signage indicating payments can be processed at the Information

16   Counter, denied Plaintiff programmatic access to city programs.

17         **Document Relied On**: None. Personal inspection conducted.

18         **Non-Proffering Party's Position:**  Mr. Bishop's testimony regarding the dimensions

19   of the Information Counter is relevant to show that Lynwood offered an equivalent alternative

20   to the Cashier Counters.

21         His testimony regarding the existence of protective barriers or signage on either the

22   transaction counters or the Information Counter is irrelevant, because there are no

23   requirements for either to be in place.  This testimony is also confusing and/or misleading, and

24   more prejudicial than probative of plaintiff's claims; the presence or absence of protective

25   barriers or signage is not dispositive of plaintiff's claims.

26         To the extent that Mr. Bishop's opinions are based on the observations of other

27   persons, it is inadmissible hearsay and no exception to that rule applies.

28

1    **Proffering Party's Position:** Mr. Bishop's testimony regarding the protective barriers

2    is relevant to contradict Defendant's affirmative defense that payments are regularly accepted

3    at the Information Counter, as the Information Counter is equipped very differently from the

4    Cashiers Counter. Defendant has failed to identify any way in which this opinion is based on

5    the observations of others.

6

7    **Opinion 3**

8    Assuming that all financial transactions that currently occur at the two secured Cashier

9    Counters across the lobby can also be processed at the unsecured Information Counter, a

10   directional sign should be installed. The sign should be placed at a minimum of two locations

11   so that visitors entering the lobby from any direction are informed that financial transactions

12   can occur at either location. The cost for a couple of directional signs would be no more than a

13   few hundred dollars and could be procured from a local sign company.

14   **Report Citation**: Page 13, Application of Standards 3

15   **Relevance**: Defendant has a duty to operate each service, program, or activity so that

16   the service, program, or activity, when viewed in its entirety, is readily accessible to and

17   usable by individuals with disabilities, except where doing so would result in a fundamental

18   alteration in the nature of a service, program, or activity or in undue financial and

19   administrative burdens. Mr. Bishop's opinion on the remedy to lack of accessibility is relevant

20   to whether or not Defendant is excused due to a fundamental alteration in the service or undue

21   financial or administrative burden.

22   **Document Relied On**: None. Personal inspection conducted.

23   **Non-Proffering Party's Position:** Mr. Bishop's testimony regarding signage is

24   irrelevant, because there is no requirement under the Americans with Disabilities Act that

25   signage be provided with respect to the Information Counter or its ability to accept payments

26   of the same kind as can be accepted at the transaction counters.  Because of its complete lack

27   of relevance, this testimony is also more prejudicial than probative of plaintiff's claims, and is

28   confusing and/or misleading.

1      To the extent that Mr. Bishop's opinions are based on the observations of other

2 persons, it is inadmissible hearsay and no exception to that rule applies.

3      **Proffering Party's Position:** Plaintiff will testify that in her many visits, no one

4 informed her that she could pay her bills at the Information Counter. The lack of signage

5 supports Plaintiff's contention that she could not have independently  known this was an

6 option. It is also further evidence that the Information Counter was not intended for nor

7 regularly used to accept payments.

8

9 **Opinion 4**

10      The improvements at Lynwood City Hall clearly don't comply with the new

11 construction provisions of the 2010 ADAS or 2013 CBC. The City of Lynwood has not

12 complied with Title II of the ADA with regards to providing accessible entrance doors and a

13 transaction counter at Lynwood City Hall. It is also my opinion that removing the barriers

14 cited above would not represent an undue financial or administrative burden to the City of

15 Lynwood, due to the minimal cost and effort involved with the recommended barrier removal.

16      **Report Citation**: Page 13, Application of Standards 3

17      **Relevance**: Defendant has a duty to operate each service, program, or activity so that

18 the service, program, or activity, when viewed in its entirety, is readily accessible to and

19 usable by individuals with disabilities, except where doing so would result in a fundamental

20 alteration in the nature of a service, program, or activity or in undue financial and

21 administrative burdens. Mr. Bishop's opinion on the remedy to lack of accessibility is relevant

22 to whether or not Defendant is excused due to a fundamental alteration in the service or undue

23 financial or administrative burden.

24      **Document Relied On**: None. Personal inspection conducted.

25      **Non-Proffering Party's Position:**  Mr. Bishop's opinions lack foundation, are

26 irrelevant to the determination of plaintiff's claims, are confusing and/or misleading to the

27 trier of fact, and are more prejudicial than probative of plaintiff's claims.  Mr. Bishop's

28 opinion ignores the plain reality that no actual barriers existed to plaintiff's access to either

1   City Hall itself or to the bill payment functions contained therein.

2        To the extent that Mr. Bishop's opinions are based on the observations of other

3   persons, it is inadmissible hearsay and no exception to that rule applies.

4        **Proffering Party's Position:** The foundation of this final opinion in found in the

5   proceedings opinions, as well as Mr. Bishop's report. Plaintiff disagrees that no actual barriers

6   existed.

7

8

9   Dated: May 18, 2016                    CENTER FOR DISABILITY ACCESS

10                                          By:   /s/ Christina Sosa

11                                          Christina Sosa
                                            Attorney for Plaintiff
12

13

14  Dated: May 18, 2016

15                                          By:   /s/ Andrew Smith
                                            ANDREW SMITH
16                                          Attorney for Defendant

17

18

19

20

21

22

23

24

25

26

27

28